UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILSON O. PETERS,<br><br>    *Petitioner*,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>    *Respondents*. | Case No. 2:14-cv-01055-APG-VCF<br><br>**ORDER** |

  This habeas action by a Nevada state inmate comes before the Court on petitioner's application (Doc. #1) to proceed *in forma pauperis* and motion (Doc. #2) for appointment of counsel, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

  The Court finds that petitioner is unable to pay the filing fee, and the pauper application therefore will be granted.

  The Court further finds that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) the lengthy sentences of two concurrent sentences of ten to life; (b) the number and complexity of the potential procedural and substantive issues; (c) petitioner's allegation that he has psychiatric conditions, which is further reflected by an issue raised by state post-conviction counsel; and (d) the possibility that petitioner may have substantial time remaining within the federal limitation period for counsel to assert claims without relation back concerns prior to seeking other relief herein.[1]

////

---

[1] As noted further, *infra*, the Court makes no conclusive determination as to the status of the federal limitation period. Petitioner at all times remains responsible for calculating the limitation period and timely asserting claims.

**IT THEREFORE IS ORDERED** that the application (Doc. #1) to proceed *in forma pauperis* is GRANTED, such that petitioner shall not be required to pay the filing fee.

**IT FURTHER IS ORDERED** that the Clerk of Court shall file the petition.[2]

**IT FURTHER IS ORDERED** that the motion (Doc. #2) for appointment of counsel is GRANTED as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**IT FURTHER IS ORDERED** that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately ninety (90) days from entry of the formal order of appointment, subject then to the represented petitioner's ability to seek such extension as petitioner believes to be advisable.[3] Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

---

[2] The filing of the petition does not signify that the pleading is free of deficiencies. *Inter alia*, a petitioner must use the petition form to state his claims. The petition form here was used essentially as a cover document for *in globo* copies of petitioner's state court briefs.

[3] Nothing herein precludes petitioner from following a "two-step" procedure of filing a first amended petition within the limitation period with claims known at that time while seeking leave to file a second amended petition by a date certain to allow full completion of federal habeas counsel's investigation of the matter. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, #29 (D. Nev. May 29, 2014) (expressly approving and explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation).

**IT FURTHER IS ORDERED**, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk shall add Attorney General Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this Court.

**IT FURTHER IS ORDERED** that counsel additionally shall send a hard copy of all state court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.

The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to both the Nevada Attorney General and the Federal Public Defender.

DATED: July 1, 2014.

ANDREW P. GORDON
United States District Judge

-3-