UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILSON O. PETERS,<br><br>   Petitioner,<br> v.<br>DWIGHT NEVEN, et al.,<br><br>   Respondents. | Case No. 2:14-cv-01055-RFB-VCF<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss certain grounds from petitioner Wilson O. Peters' counseled, first-amended petition (ECF No. 22). Peters opposed (ECF No. 27), and respondents replied (ECF No. 33).

**I. Procedural History and Background**

On May 26, 2010, a jury convicted Peters of count 1: battery with use of a deadly weapon and count 2: assault with a deadly weapon (exhibit 15 to first-amended petition, ECF No. 8).[1] The state district court sentenced Peters as a habitual criminal to a term of ten years to life on each count, to run concurrently. Exh. 17. Judgment of conviction was filed on October 20, 2010. Exh. 18.

Peters timely appealed; on February 24, 2012, the Nevada Supreme Court affirmed the convictions, and remittitur issued on March 20, 2012. Exhs. 20, 23, 24.

---

[1] Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 8, and are found at ECF Nos. 9-12.

1

Peters filed a proper person motion for appointment of counsel on July 11, 2012, and the state district court appointed counsel for state post-conviction proceedings. Exh. 25. Peters filed a counseled state postconviction petition for a writ of habeas corpus on December 22, 2012. Exh. 26. On May 12, 2014, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on June 9, 2014. Exhs. 36, 37.

Peters dispatched his federal petition for mailing on June 22, 2014 (ECF No. 2). This court appointed counseled, and a first-amended petition was filed on November 10, 2014 (ECF No. 8). Respondents now argue that certain grounds are subject to dismissal as noncognizable or conclusory (ECF No. 22).

## II. Legal Standards

### A. Cognizability

Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir.2004). "Federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state court determinations of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quotations and internal citation omitted).

### B. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

2

### III.     Instant Petition

### A.  Ground 1

Peters contends that his sentence violated the Fifth Amendment's protection against double jeopardy as well as redundant conviction principles (ECF No. 8, pp. 11-14). Respondents have parsed ground 1 into 1(A) and 1(B).  They argue that ground 1(A) is a double jeopardy claim that turns on an analysis under *Blockburger v. United States*, 284 U.S. 299 (1932).  They then assert that ground 1(B) is a state-law claim that the convictions for both assault and battery violate Nevada's redundancy doctrine. Accordingly, respondents contend that ground 1(B) is a claim of error of state law or interpretation and should be dismissed as noncognizable in federal habeas corpus.

With respect to the redundant conviction argument, in his federal petition Peters relies on the Nevada Supreme Court's decision in *Salazar v. State*, 70 P.3d 749 (Nev. 2003).  In that decision, the state supreme court conducts a *Blockburger* double jeopardy analysis and then considers whether the convictions in that case are redundant under state law.  *Salazar*, 70 P.3d at 751.  The issue of redundant convictions is a separate state-law analysis only.  Therefore, this court agrees that ground 1(B) must be dismissed as noncognizable in federal habeas corpus.

### B.  Ground 3

Peters alleges that his trial counsel rendered ineffective assistance in violation of his Sixth and Fourteenth Amendment rights (ECF No. 8, pp. 16-20).  In ground 3(a), Peters argues that his counsel failed to retain a defense expert in neurology and psychological assessment to evaluate and develop trial defenses and mitigation material even though Peters has been diagnosed with bipolar disorder, schizophrenia, and paranoia and has suicidal ideations.  Peters alleges that he was not receiving treatment at the time of the offense. Peters contends that his counsel was on notice that such investigation might bear fruit because the state district court required a competency evaluation.  *Id*. at 16-18.

3

As ground 3(b), Peters claims that counsel failed to adequately investigate the case and prepare for trial and sentencing. He notes that his counsel waited until weeks before trial to file a motion seeking exculpatory and impeachment evidence and argues that counsel did not adequately communicate with him. Peters states that he requested that his counsel file certain motions, conduct specific investigation regarding his defense of mutual combat, and that he asked his attorney for a copy of his preliminary transcript and medical reports, all to no avail. Peters contends that because of the lack of communication, counsel was unable to find witnesses or other exculpatory sources. *Id.* at 17-18.

In ground 3(c), Peters argues that his trial counsel failed to bring the case to trial within a reasonable time. He claims that he had no choice but to waive his speedy trial right when it was clear his counsel was not ready to go to trial. *Id.* at 19-20.

Respondents argue that ground 3 is conclusory and should be dismissed (ECF No. 22, pp. 2-7). Respondents are correct that mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Id.* at 2-3; *Mayle*, 545 U.S. at 655. Nevertheless, here, respondents' arguments that ground 3 is conclusory are better addressed in the context of adjudication on the merits, after respondents have filed an answer and petitioner has had an opportunity to respond. Accordingly, the court defers consideration of ground 3, and therefore, it is not subject to dismissal at this time. This ruling is without prejudice to respondents reasserting arguments raised here at the appropriate time.

**C. Conclusion**

   **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 22) is **GRANTED in part**: ground 1(B) is **DISMISSED** as set forth in this order.

   **IT IS FURTHER ORDERED** that respondents shall file an answer to petitioner's remaining grounds for relief within **forty-five (45) days** of the date of this order. The answer shall contain all substantive and procedural arguments as to all surviving

4

grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

DATED: 29 February 2016.



_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE